# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re | Case No.: 13-12978-DER |
| **MANUS EDWARD SUDDRETH**, | Chapter 11 |
| Debtors | |

## THE UNITED STATES TRUSTEE'S MOTION
## TO CONVERT TO CHAPTER 7 OR DISMISS CASE

Judy A. Robbins, the United States Trustee for Region Four, which includes the District of Maryland, Baltimore Division (the "U.S. Trustee"), in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. §586(a), respectfully requests that this Court enter an Order, pursuant to 11 U.S.C. § 1112(b), converting to Chapter 7 or dismissing the above-referenced case.

### FACTS AND BACKGROUND

1. On February 21, 2013, Mannus E. Suddreth ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. Although the case is now just shy of four years old, Mr. Suddreth still has not been able to confirm a plan. (*See* Doc. 258.)

3. On September 28, 2016, Mr. Suddreth filed his Third Amended Plan. A hearing on confirmation of this Third Amended Plan was scheduled for November 9, 2016. (*See* Doc. 261.)

4.	Two days before the November 9, 2016 confirmation hearing, the United States Trustee learned that Debtor had failed to pay certain post-petition property taxes during the entire time he was in bankruptcy. The taxes relate to 18.40 acres of property located on Edgewater Avenue in Baltimore County.[1]

5.	Then, approximately 15 minutes before the November 9, 2016 confirmation hearing, Debtor's counsel informed the United States Trustee that the Third Amended Plan was no longer able to be confirmed because the person funding the proposed plan terminated any further funding.

6.	Prior to calling the case, the Court continued the confirmation hearing to December 15, 2016 – a date three years and ten months after commencement of the case.

## ARGUMENT

7.	Section 1112(b) of the Bankruptcy Code generally requires that once "cause" is established the Court must take one of three actions: (1) dismiss a Chapter 11 case, (2) convert it to Chapter 7, or (3) appoint a Chapter 11 trustee. 11 U.S.C. § 1112(b); *In re Landmark Atlantic Hess Farm, LLC,* 448 B.R. 707, 712 (Bankr. D. Md. 2011). Which of the three actions should be taken is determined by the best interests of the creditors and the estate. *Id.*

8.	In determining which of the three remedies is appropriate, the Court is to consider only the best interests of the creditors and the estate. The interest of the debtor

---

[1] Although no property on Edgewater Avenue is scheduled, there is 18.4 acres of real property identified as 400 Potomac Avenue identified on Schedule A. These may be the same properties.

-2-

is not a factor to be considered. *Lakefront Investors, LLC, v. Clarkson*, 484 B.R. 72, 84-86 (D. Md. 2012).

9. If the moving party establishes "cause," the debtor (or other party-in-interest opposing the motion) can avoid conversion, dismissal or the appointment of a trustee only by showing:

> i. "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate";
>
> ii. a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> iii. the grounds for converting or dismissing the case include an act or omission of the debtor (a) for which there exists a reasonable justification, and (b) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. 1112(b)(2).[2]

10. The Code provides 16 examples of "cause." 11 U.S.C. § 1112(b)(4). The list, however, is non-exhaustive and, thus, various non-identified acts or failure to act may also constitute cause. *In re Skeen, Goldman, LLP*, Case No. 07-10535-JFS, 2007 WL 4556683 at *4 (Bankr. D. Md., Dec. 20, 2007); *In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007).

---

[2] Where the "cause" shown is the "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," conversion, dismissal or appointment of a trustee is required and the exceptions set forth in this paragraph do not apply. 11 U.S.C. § 1112(b)(2)(B).

### **Failure to File Pay Post-Petition Taxes**

11. Pursuant to 11 U.S.C. § 1112(b)(4)(I), the "failure to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief" constitutes "cause" for conversion or dismissal of a Chapter 11 case.

12. The order for relief in this case was February 21, 2013.

13. Since that time Debtor has failed to pay any of the property taxes that have come due on 18.4 acres of land he owns in Baltimore County

### **Demonstrated Inability to Confirm a Plan**

14. As noted, it has been almost four years since Debtor commenced this case and Debtor has now failed to confirm four different attempted plans.

15. At this point it is clear the Debtor cannot confirm a plan or, *a fortiori*, effectuate substantial consummation of a confirmed plan. *See* 11 U.S.C. § 1112(b)(4)(M).

16. In *Pookrum v. Bank of America*, 512 B.R. 781 (D. Md. 2009), the District Court found that a debtor's inability to propose a confirmable plan after 3 tries in 3 years constituted cause to convert or dismiss a Chapter 11 case. As the District Court explained:

> "[B]ankruptcy courts are given a great deal of discretion to say when enough is enough" when it comes to granting debtors the opportunity to amend Chapter 11 reorganization plans. Here, the Bankruptcy Court gave [Debtors] "the benefit of time ... [by allowing them] to become employed and have a source of income and propose a plan." Despite the court's accommodating approach, the Appellants failed to

> propose a viable Chapter 11 plan for confirmation after more than three years. Bankruptcy Courts may deny debtors the opportunity to submit additional Chapter 11 plans by dismissing or converting a case "if the debtor is unable to effectuate a plan" and "the estate creditors continue to suffer losses as a result of the delay."

*Id.* at 789-90 (citations omitted).

## Local Rule 9013-2 and 9013-6 Statements

17. The U.S. Trustee submits that no novel issue of law is presented with respect to the matters contained herein. Accordingly, pursuant to Local Bankruptcy Rule 9013-2, the U.S. Trustee states that she is not filing a memorandum of law in support of this motion and relies solely on the grounds and authorities set forth herein.

18. The U.S. Trustee consents to entry of a final order or judgment in this matter by a bankruptcy judge.

WHEREFORE, the U.S. Trustee respectfully requests that this Court enter an Order:

(1) Granting this Motion;

(2) Converting to Chapter 7 or in the alternative dismissing this case; and

(3) Granting such other and further relief as is just and proper.

-6-

                Respectfully submitted,

Dated: November 10, 2016        Judy A. Robbins,
                United States Trustee for Region Four

                By: */s/ Hugh M. Bernstein*
                Hugh M. Bernstein
                Fed. Bar No.: 23489
                United State Department of Justice
                101 West Lombard Street
                Baltimore, Maryland 21201
                (410) 962-4300
                E-mail: hugh.m.bernstein@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 10, 2016, a copy of the foregoing Motion was sent via first class mail, postage prepaid to:

Manus Edward Suddreth
7650 Waterwood Trail
Glen Burnie, MD 21060

Bill Fischbein
c/o LiteHouse Realty, Inc.
809 Barkwood Court, Suite H
Linthicum, MD 21090.

According to the Court's ECF records, electronic notice of this motion should be provided to the following persons:

- Hugh M. (UST) Bernstein    hugh.m.bernstein@usdoj.gov
- Kavitha Bondada    kavitha.bondada@usdoj.gov, Eastern.Taxcivil@usdoj.gov;James.J.Wilkinson@usdoj.gov
- Michael T. Cantrell    bankruptcymd@mwc-law.com
- Shaan S. Chima    shaan.chima@gebsmith.com
- Alex Gordon    alex.gordon@usdoj.gov
- James T. Heidelbach    jheid@gebsmith.com
- Stephen Andrew Josey    stephen.a.josey@usdoj.gov
- Craig B. Leavers    craigl@hbllaw.com
- Kyle J. Moulding    bankruptcymd@mwc-law.com
- Scott Elliot Nadel    scottnadel@lojnlaw.com, jeff@lojnlaw.com
- Joseph Michael Selba    JSelba@tydingslaw.com, JDunsmore@tydingslaw.com
- Lisa Yonka Stevens    lstevens@yvslaw.com, pgomez@yvslaw.com;wscalley@yvslaw.com;yvslawcmecf@gmail.com
- US Trustee - Baltimore    USTPRegion04.BA.ECF@USDOJ.GOV
- James A. Vidmar    jvidmar@yvslaw.com, wscalley@yvslaw.com;psweeney@yvslaw.com;pgomez@yvslaw.com;yvslawcmecf@gmail.com

                */s/ Hugh M. Bernstein*
                Hugh M. Bernstein