IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** | * | |
| | | Case No. 13-12978 DER |
| **MANUS EDWARD SUDDRETH,** | * | |
| | | (Chapter 11) |
| Debtor. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

| | |
|---|---|
| **CFS-4 II, LLC** | * |
| 4600 Wells Fargo Center | |
| 90 South Seventh Street | * |
| Minneapolis, MN 55402, | |
| | * |
| **Movant,** | |
| | * |
| v. | |
| | * |
| **MANUS EDWARD SUDDRETH** | |
| 7650 Waterwood Trail | * |
| Glen Burnie, Maryland 21060, | |
| | * |
| and | |
| | * |
| **JOSEPH J. BELLINGER** | |
| **CHAPTER 11 TRUSTEE** | * |
| Offit Kurman | |
| 300 E. Lombard Street, Suite 2010 | * |
| Baltimore, Maryland 21202, | |
| | * |
| **Respondents**. | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION FOR RELIEF FROM AUTOMATIC STAY
TO ALLOW FORECLOSURE AND COLLECTION OF RENTS
(27919 Phoenix Church Road; 0.489 acres located in Anne Arundel County, Maryland;
7654 Waterwood Trail (f/k/a 901 Forest Grove Court); and
<u>7652 Waterwood Trail (f/k/a 903 Forest Grove Court))</u>**

CFS-4 II, LLC (the "Movant"), by its undersigned counsel, pursuant to 11 U.S.C. § 362(d), files this motion seeking relief from the automatic stay so that it can foreclose on certain properties owned by the debtors and collect the rents derived from those properties (the "Motion"). In support of the Motion, Movant states as follows:

## Background

1. Manus Edward Suddreth, the debtor-in-possession in the above-captioned case (the "Debtor"), commenced this proceeding (the "Bankruptcy Case") by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on February 21, 2013 (the "Petition Date").

2. By entry of an order on December 28, 2016, Joseph J. Bellinger, Jr. was appointed as the Chapter 11 trustee [Doc. No. 285].

A. *Debtor's Indebtedness to Movant*

3. Prior to the Petition Date, on August 8, 2008, Debtor executed a Promissory Note of even date in the amount of $1,330,000.00 in favor of Baltimore County Savings Bank, F.S.B. (the "Promissory Note"). A true and correct copy of the Promissory Note is attached hereto as ***Exhibit A***, and is incorporated herein by reference.

4. Pursuant to the terms of the Promissory Note, Debtor was required to make consecutive monthly payments of principal and interest on the first day of each month until September 1, 2013 (the "Maturity Date"), at which time the unpaid principal balance together with any unpaid interest was due and payable in full.

5. Debtor's obligations under the Promissory Note are secured by two Commercial Money Loaned Deeds of Trust dated August 8, 2008, one filed among the land records of Anne Arundel County and the other filed among the land records of Somerset County (collectively, the "Deeds of Trust"), encumbering the following four (4) properties in which Debtor holds an

undivided, fee simple interest: (1) 27919 Phoenix Church Road; (2) that 0.489 acres located in Anne Arundel County, Maryland, as more accurately described in Exhibit A of Borrower's Deeds of Trust as the "Second" property;[1] (3) 7654 Waterwood Trail (f/k/a 901 Forest Grove Court); and (4) 7652 Waterwood Trail (f/k/a 903 Forest Grove Court) (collectively, the "Properties").[2]  A true and correct copy of the Deeds of Trust are attached hereto as ***Exhibit B and C***, and are incorporated herein by reference.

6. Debtor's obligations under the Promissory Note are also secured by two Assignment of Rents and Leases dated August 8, 2008 (the "Assignments of Rents"), encumbering the rents derived from the Properties (the "Rents").  A true and correct copy of the Assignments of Rents are attached hereto as ***Exhibit D and E***, and are incorporated herein by reference.

7. During the pendency of the Bankruptcy Case, on February 2014, Baltimore County Savings Bank, F.S.B. merged with and into First National Bank of Pennsylvania.

8. On or about September 29, 2014, First National Bank of Pennsylvania assigned all of its rights, title and interest in the Promissory Note and Deeds of Trust to Movant [Doc. No. 142].

### B.  *Cause Warranting Relief from the Automatic Stay*

9. According to Debtor's Schedule A, the aggregate value of the Properties is $1,074,500.00 [Doc. No. 17, pp. 3-4].

---

[1] This acreage is not listed on Debtor's Schedule A, because it is part of the 1.84 acres known as 7654 Waterwood Trail (f/k/a 901 Forest Grove Court).

[2] The Deeds of Trust note a fifth property, 1304 Oakwood Road in Anne Arundel County.  That property, however, was sold and released in June of 2011.

10. The Maturity Date has passed, and Debtor has failed to pay all amounts due and owing under the Promissory Note. As of the date of the filing of this Motion, the amount due and owing under the Promissory Note is $2,073,285.15. Interest continues to accrue at a per diem rate of $251.85.

**Argument**

11. Sufficient cause exists warranting relief from the automatic stay imposed by 11 U.S.C. § 362(a), because Debtor has failed to make any post-petition payments due and owing under the Promissory Note. "While the term 'cause' is not defined in the Bankruptcy Code and the legislative history sheds little light on its meaning, it is well established under decisional law that a debtor's failure to make post-petition [ ] payments in bankruptcy rehabilitation proceedings can constitute cause for relief under § 362(d)(1)." *In re Uvaydov*, 354 B.R. 620, 623-24 (Bankr. E.D.N.Y. 2006) (citing to *Ellis v. Parr (In re Ellis),* 60 B.R. 432, 435 (B.A.P. 9th Cir.1985), *Equitable Life Assurance Soc'y v. James River Assocs. (In re James River Assocs.),* 148 B.R. 790, 797 (E.D.Va.1992) and *In re Davis,* 64 B.R. 358, 359 (Bankr.S.D.N.Y.1986)).

12. Additionally, Movant believes and avers that it lacks adequate protection of its interest in the Properties. *In re Atrium Development Co.*, 159 B.R. 464, 471 (Bankr. E.D. Va. 1993) ("Case law has almost uniformly held that an equity cushion under 11% is insufficient to constitute adequate protection, and case law is at best divided on whether an equity cushion of 12% to 20% constitutes adequate protection.").

13. As required by Local Bankruptcy Rule 9013-2, Movant hereby states that no memorandum will be filed and that it will rely solely upon this Motion.

WHEREFORE, for the foregoing reasons, CFS-4 II, LLC respectfully requests this Court to enter an Order:

(A) Terminating the automatic stay so as to allow CFS-4 II, LLC to foreclose on the Properties and collect the Rents; and

(B) Granting such other and further relief as equity and justice may require.

  /s/ Craig B. Leavers
Craig B. Leavers, Bar No. 26914
HOFMEISTER, BREZA & LEAVERS
11350 McCormick Road
Executive Plaza III, Suite 1300
Hunt Valley, Maryland 21031
(410) 828-4442

*Attorney for CFS-4 II, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of March, 2017, a copy of the foregoing was served on the parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

| | |
|---|---|
| Manus Edward Suddreth<br>7650 Waterwood Trail<br>Glen Burnie, MD 21060<br>*(Pro Se Debtor)* | Joseph J. Bellinger, Esq.<br>Offit Kurman<br>300 E. Lombard Street, Suite 2010<br>Baltimore, MD 21202<br>*(Chapter 7 Trustee)* |
| Office of the United States Trustee<br>ATTN: Hugh M. Bernstein, Esq.<br>101 West Lombard Street, Suite 2625<br>Baltimore, Maryland  21201 | 20 Largest Unsecured Creditors<br>   on Attached Matrix |

/s/  Craig B. Leavers
Craig B. Leavers