## STANDSTILL AGREEMENT

This Standstill Agreement ("Agreement") is entered into as of April 27, 2017 (the "Effective Date"), by and between Joseph J. Bellinger, the Chapter 11 trustee (the "Trustee") for the bankruptcy estate of Manus Edward Suddreth ("Debtor") and entities wholly owned by the Debtor, which include W.P.I.P., Inc. ("WPIP") formerly known as A.V.E. Enterprises, Inc. ("A.V.E."), Patapsco Excavating, Inc. ("Patapsco Excavating"), and Pollution Properties, Inc. ("Pollution Properties") (the Debtor, WPIP, AVE, Patapsco Excavating, and Pollution Properties, collectively, the "Suddreth Parties"), on the one hand, and Mark Einstein ("Einstein"), and entities wholly owned by Einstein, which include B.P.I. Patapsco, LLC ("BPI"), EMG Properties, LLC ("EMG"), Albion MM, LLC ("Albion") and JACE Note, LLC ("JACE"), (Einstein, BPI, EMG, Albion and JACE, collectively, the "Einstein Parties"), on the other hand (the Suddreth Parties and the Einstein Parties, collectively, the "Parties").

## R E C I T A L S

**WHEREAS**, on February 21, 2013, Manus E. Suddreth ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on March 12, 2013 (the "Petition Date"), in the United States Bankruptcy Court for the District of Maryland (Baltimore Division) (the "Bankruptcy Court"), Case No. 13-12978-DER (the "Bankruptcy Case");

**WHEREAS**, upon a Motion to Dismiss or Convert to Chapter 7 and a hearing thereon, the Court entered an Order Directing Appointment of Chapter 11 Trustee, and on December 28, 2016, the Court entered an Order Approving the Appointment of Joseph J. Bellinger as Chapter 11 Trustee;

**WHEREAS**, the economic interests (the "Ownership Interests") and the governance rights (the "Governance Rights") in and to the entities wholly owned by the Debtor as of the Petition Date, including the entities within the definition of "Suddreth Parties" herein, constitute property of the estate, and the Trustee has determined, in the reasonable exercise of his business judgment, that it is in the best interest of the estate and its creditors for the Trustee to exercise control over the Governance Rights in and to the Debtor Entities;

**WHEREAS**, disputes arose between the Suddreth Parties and certain representatives of the Suddreth Parties, on the one hand, and the Einstein Parties, on the other hand, in November 2016, resulting in the ouster of Albion as property manager of the Facility and denial of access to the Facility by the Einstein Parties;

**WHEREAS**, the Debtor Parties allege that the Einstein Parties did not manage the Facility adequately, and the Einstein Parties entirely deny any such allegation;

**WHEREAS**, on November 22, 2016, alleging events of default under the terms of the JACE Loan, JACE issued written notices of its assignment of rents to all of the tenants at the Facility directing all tenants to pay rents to it, and not to the Suddreth Parties, effective immediately;

1

WHEREAS, in November 2016, JACE initiated collection proceedings against WPIP in connection with the confessed judgment entered against Debtor and WPIP on July 22, 2010 by the Circuit Court for Anne Arundel County, Maryland, Case No. 02-C-10-154612. Specifically, JACE filed (1) a request for writ of execution in the Circuit Court for Baltimore City, Maryland, Case No. 24-C-10-006104, on November 16, 2016, and (2) a request for writ of execution in the Circuit Court for Baltimore County, Maryland, Case No. 03-C-10-010029, on November 18, 2016 (collectively, the "Enforcement Actions").

WHEREAS, on December 20, 2016, EMG, JACE and Einstein filed suit against WPIP, the Debtor, Allen Davis (an agent of the Debtor) ("Davis") and Billy Hardin (an agent of the Debtor) ("Hardin"), in the Circuit Court for Baltimore County, Maryland, Case No. 03-C-16-012947, in connection with the disputes between the Suddreth Parties, on the one hand, and the Einstein Parties, on the other hand, asserting numerous claims and causes of action (the "Lawsuit").

WHEREAS, JACE also initiated foreclosure proceedings in connection with the JACE Loan by filing (1) an Order to Docket in the Circuit Court for Baltimore City, Maryland, Case No. 24-O-17-000011, on January 3, 2017, and (2) an Order to Docket in the Circuit Court for Baltimore County, Maryland, Case No. 03-C-17-000088, on January 4, 2017 (collectively, the "Foreclosure Proceedings") (the Enforcement Actions, the Lawsuit, and the Foreclosure Proceedings, collectively, the "Pending Litigation");

WHEREAS, the Parties desire to cooperate in managing the Facility and avoid the risks and costs of litigation including a stay of the Pending Litigation under this Agreement, and entered into an Agreement of Cooperation as of March 29, 2017;

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained in this Agreement, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Recitals**. The Recitals set forth above are incorporated herein and are made a substantive part of this Agreement as though fully set forth below.

2. **Term**. The term ("Term") of this Agreement is the earlier to occur of (i) six months from the execution of the Agreement of Cooperation, which is September 28, 2017, unless extended by the mutual written consent of the Parties, or (ii) termination under the Early Termination provisions set forth in Paragraph 3 below.

3. **Early Termination**. This Agreement shall terminate upon the occurrence of any of the following: (i) expiration of the Term without renewal; and (ii) any material breach of the Agreement of Cooperation executed contemporaneously herewith that is not timely cured. (All of (i) and (ii) hereinafter are referred to as "Termination Events" and individually, as a "Termination Event.") Unless otherwise expressly stated, each provision of this Agreement is subject to immediate termination upon the occurrence of a Termination Event.

4. **Stay of Pending Litigation**. The Parties shall take all reasonable steps and otherwise cooperate to enact, effect and cause a stay of the Pending Litigation, including litigation against Davis and Hardin, until termination of this Agreement.

5. **Stay of Future Litigation**. During the entire term of this Agreement, the Parties shall not commence litigation against any other party without providing reasonable notice of the intention to commence litigation and providing a reasonable opportunity to communicate, cooperate and potentially resolve such issues without resorting to litigation. However, nothing herein shall prevent the Trustee from filing pleadings necessary to administer the Estate of the Debtor.

6. **Use of Agreement.** Neither this Agreement nor the fact that the Parties hereto have entered into it shall have any effect beyond its express terms, and this Agreement shall not be offered or introduced as evidence in any legal proceeding other than to enforce the terms of this Agreement itself.

7. **Waiver**. Neither this Agreement nor the fact that a Party entered into this Agreement shall constitute a waiver and/or a release of any and all claims by one Party against another Party or a third party beneficiary identified herein.

8. **Entire Agreement**. This Agreement constitutes the entire agreement of the Parties as to the subject matter hereof. The Parties acknowledge that there are no other communications or understandings which in any way restrict or alter the terms of this Agreement.

9. **Authority to Sign Agreement**. Each corporate entity has executed this Agreement by duly authorized directors or officers with the authority to execute and deliver this Agreement on behalf of its principal, intending that such principal is to be bound by the terms of this Agreement.

10. **Counterparts**. This Agreement may be executed in one or more counterparts, each counterpart to be considered an original portion of this Agreement. Original signatures transmitted by facsimile or electronic mail will be effective to create such counterparts.

11. **Governing Law; Disputes**. The Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Maryland.

12. **Integration; Construction**. This Agreement constitutes the entire understanding of the parties with respect to the subject matter herein. All prior or contemporaneous agreements, whether oral or written, are deemed merged herein. This Agreement is the product of negotiation among the parties and their counsel. For this reason, this Agreement shall not be construed against any party by virtue of such Party being the last entity to create a draft of this Agreement.

(Signature Page Follows)

**IN WITNESS WHEREOF**, the Parties, each by persons duly authorized, have caused this Agreement to be executed as of the day and year first written above.

_____ Trustee   April 28, 2017
Joseph J. Bellinger, Chapter 11 Trustee        Date
for the Bankruptcy Estate of Manus Edward Suddreth

_____   April 27, 2017
Mark Einstein, Individually                     Date


**BPI Patapsco, LLC**

_____   April 27, 2017
Mark Einstein, President                        Date


**EMG Properties, LLC**

_____   April 27, 2017
Mark Einstein, Member                           Date


**Albion MMC, LLC**

_____   April 27, 2017
Mark Einstein, Member                           Date


**JACE Note I, LLC**

_____   April 27, 2017
Mark Einstein, Member                           Date